# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5785 | **DATE** | 2/12/2004 |
| **CASE TITLE** | In Re: Resource Technology Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court affirms the ruling of the bankruptcy judge. The Clerk is directed to enter judgment affirming the decision of the Bankruptcy Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 13 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In Re: )
)
)
RESOURCE TECHNOLOGY CORP., ) Case No. 03 C 5785
)
Debtor. )
)

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Appellant Gregg E. Szilagyi, Chapter 11 trustee for Resource Technology Corp. ("RTC"), appeals from a bankruptcy judge's June 24, 2003 decision to abstain from hearing a contract dispute between RTC, its former director, and National Seal Corp. ("NSC"). For the reasons stated below, the Court affirms the ruling of the bankruptcy judge.

### Background

RTC is in the business of extracting methane gas from landfills for disposal or conversion into usable energy. From 1996 through 1998, RTC contracted with NSC to provide labor and materials to construct methane collection systems at several Illinois landfills; NSC sent RTC invoices for services rendered. On January 20, 1998, Leon Greenblatt, who was an officer and director of RTC, signed a promissory note in favor of NSC for $2,607,067.73 allegedly to induce NSC to hold off suing RTC for unpaid invoices. Under the note's terms, NSC assigned its claims against RTC to Greenblatt to the extent of any payments he made on the note.

On April 29, 1999, NSC sued RTC and Greenblatt in the Circuit Court of Kane County,

1

claiming RTC owed it payments for services rendered and seeking to enforce the note against Greenblatt in the amount of $1,762,927.73. RTC and Greenblatt asserted several affirmative defenses to NSC's contract claim, arguing among other things that NSC did not provide some services contracted for and provided other services inadequately. RTC also argued that Greenblatt's promissory note was a novation superseding the prior contracts between RTC and NSC and, thus, the note released RTC from further liability to NSC.

Involuntary bankruptcy proceedings were initiated against RTC on November 15, 1999 under Chapter 7 of the Bankruptcy Code. The case was later converted to a Chapter 11 case. NSC filed a proof of claim on June 12, 2000 alleging an unsecured claim of $2,231,418 plus interest and costs relating to the contracts that were at issue in the state court proceeding. RTC objected to NSC's proof of claim for the same reasons it disputed NSC's claim in state court and alleged it was entitled to a set off of more than $1 million for costs related to NSC's inadequate performance. NSC increased its claim by $887,585 on February 8, 2002. Greenblatt filed a contingent proof of claim against RTC on April 15, 2003 because if he were found liable on the promissory note, he could pursue NSC's claims against RTC for the amount of the judgment against him. RTC faces a total of $12 million in liquidated unsecured claims.

NSC filed a motion for permissive abstention under 28 U.S.C. § 1334(c)(1) on April 28, 2003, asking the bankruptcy judge to allow the state court to resolve its contract dispute with RTC. The bankruptcy judge granted the motion on June 24, 2003 in an oral ruling. Appellant appeals from the judge's decision to abstain.

### Standard of Review

An order to permissively abstain is treated as a final order and is therefore appealable.

*Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 768 (Bankr. N.D. Ill. 1993); *In re Ascher*, 128 B.R. 639, 645 (Bankr. N.D. Ill. 1991). "We review the reorganization court's decision to abstain under section 1334(c)(1) for an abuse of discretion." *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1188 (7th Cir. 1993) (citations omitted) (hereinafter "*In re Chicago, Milwaukee R.R.*"). Despite this deferential standard, the Court "must nonetheless conduct a 'meaningful review'" of the bankruptcy judge's decision. *Id.* at 1189 (citation omitted). The Seventh Circuit cautions that "federal courts generally should exercise their jurisdiction if properly conferred and that abstention is the exception rather than the rule." *Id.* (citation omitted).

## Analysis

Under 28 U.S.C. § 1334(c)(1), a bankruptcy judge is permitted to abstain "in the interest of justice, or comity with state courts, or out of respect for state law." *In re Carlson*, 202 B.R. 946, 949 (Bankr. N.D. Ill. 1996) (citation omitted). The party seeking a permissive abstention has the burden of proving by a preponderance of the evidence that abstention is appropriate. *Brizzolara*, 158 B.R. at 769 (citation omitted). The Seventh Circuit has enumerated twelve factors a bankruptcy judge should consider when deciding whether to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

3

*In re Chicago, Milwaukee R.R.*, 6 F.3d at 1189 (quoting *In Re Eastport Assoc.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991)). The Seventh Circuit advises that "[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Id.*

Applying this legal standard, the bankruptcy judge found three factors weighed against abstention: the state law at issue was neither difficult nor unsettled; the substance of the dispute was a core proceeding under 28 U.S.C. § 157(b)(2)(B) as a claim against the estate; and the claim had "substantial significance" to the bankruptcy proceeding because of the large amount of money at issue. June 24, 2003 Tr. at 6. But he found that the "substantial majority and weight of the factors favor abstention." *Id.* He reasoned that a resolution of NSC's claims against RTC in state court would enhance the efficient administration of the estate because a state court could consider NSC's claims against both RTC and Greenblatt, whereas if he denied abstention, NSC's claims against RTC would remain in bankruptcy court while NSC's claims against Greenblatt would proceed in state court, resulting in needless duplication and risking the possibility of inconsistent outcomes. *Id.* at 6-7.

Appellant essentially argues that rather than abstaining so that NSC's claims against RTC and Greenblatt could be heard together in state court, the bankruptcy judge should have consolidated all of NSC's claims before him for adjudication. This argument underlies appellant's specific claims that the bankruptcy judge misapplied the law, improperly weighed some factors and ignored others. The Court will address each of the appellant's contentions, keeping in mind that we may reverse the bankruptcy judge's decision only if he abused his discretion and need not consider whether we would have found differently in the first instance.

4

The primary reason the bankruptcy judge decided to abstain from the state court action was efficiency. The judge found that a state court would be better equipped to apply issues of state law, with which he said he was not familiar, and that failure to abstain would result in duplicative litigation. In so finding, the judge synthesized several of the twelve factors that are supposed to guide this decision. Appellant disagrees with how the bankruptcy judge weighed the factors, but, as we discuss below, we do not believe the bankruptcy judge abused his discretion.

Efficiency clearly counsels in favor of the consolidation of NSC's claims against RTC and Greenblatt before a single judge. The bankruptcy judge implicitly concluded that it was more appropriate for the state court to hear the entire dispute than for the bankruptcy judge to hear it. Appellant challenges this conclusion on several grounds. First, appellant argues that the bankruptcy judge gave too much weight to the pendency of the state court action given that in the four years since NSC filed its complaint, little progress had been made. Yet appellant concedes that in the state court, the parties have litigated Greenblatt's motion to dismiss or to transfer venue – including an appeal – and RTC's motion for a stay, which has not been ruled on by the state court. Furthermore, the parties have engaged in written discovery. The bankruptcy judge did not abuse his discretion by finding that this progress was not insubstantial and weighed in favor of allowing the state court to finish its work.

Second, appellant argues that the bankruptcy judge gave undue weight to Greenblatt's presence as a defendant in the state court action and erred in stating that he lacked jurisdiction over Greenblatt. Appellant argues that Greenblatt subjected himself to the bankruptcy judge's jurisdiction when he filed his contingent proof of claim. Though it is true that the bankruptcy court has jurisdiction over Greenblatt's contingent claim against RTC, the relevant issue is whether the bankruptcy judge could exercise jurisdiction over NSC's suit against Greenblatt. Bankruptcy judges

have jurisdiction to hear four types of matters: "(1) all cases under the bankruptcy code ('title 11') – i.e., bankruptcy petitions; (2) civil proceedings 'arising under' title 11; (3) civil proceedings 'arising in' a case under title 11; and (4) civil proceedings 'related to' a case under title 11." *In re Spaulding & Co.*, 131 B.R. 84, 87 (N.D. Ill. 1990) (citing 28 U.S.C. § 1334(b) and *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)). The dispute between NSC and Greenblatt is based on state law, not the Bankruptcy Code, therefore it does not fall into the first category. It does not "arise under" title 11 because it does not "involve a cause of action 'created or determined by a statutory provision of title 11.'" *Id.* at 88 (quoting *Wood*, 825 F.2d at 96). As the commencement of this suit before RTC filed for bankruptcy shows, the dispute between NSC and Greenblatt does not "arise in" a case under title 11 because it does not involve a matter that "would have no existence outside of the bankruptcy." *Id.* (citing *Wood*, 825 F.2d at 97). Thus, the bankruptcy judge would have jurisdiction over NSC's suit against Greenblatt only if it were "related to" RTC's bankruptcy proceeding.

"A controversy is not 'related to' a bankruptcy proceeding unless its resolution 'affects the amount of property available for distribution or the allocation of property among creditors.'" *Id.* (quoting *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989)). NSC's suit against Greenblatt will affect the allocation of RTC's estate among creditors if NSC prevails against Greenblatt, because Greenblatt will seek indemnification from RTC. In *In re Spaulding & Co.*, the court found that a dispute between two third-parties was not related to the bankruptcy proceeding because the possibility that the losing party would seek indemnification from the debtor was remote, as it had not filed a proof of claim in the bankruptcy proceeding. *Id.* at 89. In contrast, Greenblatt has filed a proof of claim expressing his intention to seek indemnification from RTC should he be ordered to make good on the promissory note. Thus the bankruptcy judge could have exercised jurisdiction

6

over the dispute between NSC and Greenblatt had he chosen to do so, because the outcome of NSC's suit against Greenblatt ultimately may affect the allocation of property among RTC's creditors.

But even though it is technically possible for the bankruptcy judge to adjudicate all the claims arising from the contractual relationship between NSC, RTC and Greenblatt, it does not necessarily follow that adjudication by the bankruptcy court would be more efficient than state adjudication. On the contrary, the bankruptcy judge had good reason to believe that he would be unable to resolve the dispute expeditiously. NSC's claim against Greenblatt is not a core proceeding because it neither "invokes a substantive right provided by title 11" nor is it "a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (citing *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990)). Thus, if the bankruptcy court tried NSC's claims against Greenblatt, it would be limited to submitting "proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). A final judgment could not be entered until a district court had reviewed the bankruptcy judge's findings *de novo*. *Id.* This process could take longer than state court adjudication of the claims. Furthermore, it would result in the type of duplication that consolidation of the claims is intended to avoid.

Third, appellant argues that because the value of NSC's claim against RTC comprises a quarter of the total value of the unsecured claims against RTC, the outcome of the suit is too important for the bankruptcy judge to abstain. Appellant's argument is premised on the assumption that the bankruptcy judge will be able to resolve the dispute more expeditiously – and with greater finality – than the state courts. But the bankruptcy judge concluded, and we find no reason to doubt, that "[t]here's no reason to believe that the state court cannot efficiently render a judgment and have the matter returned to bankruptcy court as a final adjudication of the claim that has been asserted by

7

National Seal." June 24, 2003 Tr. at 6. Furthermore, appellant's concern that a scenario may arise in which the state court cannot resolve the disputes entirely does not justify reversing the bankruptcy judge's ruling. We cannot find that the bankruptcy judge abused his discretion by declining to base his decision on the theoretical possibility that the state court would not fully resolve the conflict – especially when the bankruptcy judge definitely could not render a final decision regarding NSC's claim against Greenblatt because it would not be a core proceeding.

Fourth, appellant argues that NSC's suit against RTC is closely related to the main bankruptcy proceeding. The bankruptcy judge recognized this was so and took this factor into account. But the law of abstention did not require the bankruptcy judge to assign controlling weight to this particular factor, and it was not an abuse of discretion for him to decline to do so.

Fifth, appellant argues that because the outcome of the contract dispute will affect who seeks payment from RTC, the contract dispute cannot be easily severed from the main bankruptcy proceeding. But appellant is mistaken. Though the outcome of NSC's claim against RTC will impact the bankruptcy proceeding, the determination of liability and damages can be cleanly severed from the bankruptcy proceeding. The bankruptcy judge will merely enforce the determinations made by the state court.

Appellant also argues that the bankruptcy judge gave the presence of state law too much weight and the fact that the relevant state law was not unsettled or difficult too little weight. Though it is true that "the mere presence of state law issues is not enough to warrant abstention since 'virtually every issue which arises within the context of a bankruptcy case involves state law to at least some degree,'" *In re Ascher*, 128 B.R. at 647 (citation omitted), the bankruptcy judge did not err by including it as one of several factors that weighed in favor of abstention.

Appellant argues that because the relevant state law is neither unsettled nor difficult, abstention was not appropriate. Appellant overstates the Seventh Circuit's assessment of the importance of this factor. The Seventh Circuit has explained that "because section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is always significant." *In re Chicago, Milwaukee R.R.*, 6 F.3d at 1189. Appellant seems to argue that because abstention is best suited for matters involving "novel or unsettled questions of state law," *In re Ascher*, 128 B.R. at 647 (citation omitted), abstention must be denied when no novel or unsettled issue of state law is present. That is a *non sequitur*. Appellant ignores that the Seventh Circuit has emphasized that no one factor is determinative. *In re Chicago, Milwaukee R.R.*, 6 F.3d at 1189. We cannot conclude the bankruptcy judge gave too little weight to the fact that the relevant law was not unsettled.

Appellant also contends that the bankruptcy judge misapprehended the relevance of two factors: Greenblatt's right to a jury trial and the lack of forum shopping by the parties. Appellant makes a two step argument regarding the jury-trial factor: first, he assumes NSC's claim against Greenblatt is currently before the bankruptcy judge; second, he argues that Greenblatt does not have a right to a jury trial in the bankruptcy court and his lack of this right weighs against abstention. The bankruptcy judge found that Greenblatt "would have a right to a jury trial irrespective of whether this court holds on to the claim objection proceeding." June 24, 2003 Tr. at 8. Greenblatt certainly is not entitled to a jury trial on his claim against the bankrupt estate, and he likewise would not be entitled to a jury trial were the trustee to assert a preference claim against him (which has not occurred). *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990). But that does not mean that by filing a proof of claim, Greenblatt forfeited his right to a jury trial on NSC's claims against him. Appellant cites no

9

authority supporting the proposition that a claimant gives up his right to a jury trial on claims made against him by other claimants outside of the bankruptcy proceeding. The bankruptcy judge did not abuse his discretion by determining that Greenblatt's right to a jury trial was a significant factor weighing in favor of abstention; because NSC's claim against Greenblatt had to stay in state court, efficiency and economy dictated that NSC's claims against RTC should be adjudicated in state court as well.

Appellant also argues that the bankruptcy judge was mistaken about how the lack of forum shopping should weigh into his decision. Specifically, appellant claims that abstention is inappropriate when the parties have not engaged in forum shopping. The Seventh Circuit has warned that "[t]he use of the Bankruptcy Code to obtain a favorable forum should not be encouraged." *In re U.S. Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). Thus if the party opposing abstention filed for bankruptcy to obtain a preferred forum, abstention may be appropriate. But that does not mean that the absence of forum shopping counsels against abstention. Appellant concedes that no forum shopping was involved in this case; RTC was put into bankruptcy involuntarily. But this means only that this factor does not weigh in favor of abstention.

Appellant also questions the bankruptcy judge's omission of three factors from his decision to abstain. First of all, the law does not require a judge to intone in every case each of the multiple factors involved in a determination of this type; a judge is permitted to focus on what is important in the particular case. In any event, none of the factors identified by appellant warrant reversing the bankruptcy judge's decision. The bankruptcy judge did not mention that the sole basis for his jurisdiction over the contract dispute was 28 U.S.C. § 1334. Because this factor weighs in favor of abstention, the judge's decision not to mention this factor is immaterial. The bankruptcy judge did

not explicitly mention the relatedness of the contract dispute to the main bankruptcy proceeding. But as discussed above, this factor was synthesized into his conclusion that efficient administration of the estate required abstention. The bankruptcy judge also said nothing about the effect that retention of the contract dispute would have on his docket. Appellant argues that the judge's silence should be read as a concession that the contract case would not overburden his docket. We will not so assume. But even if the dispute would not overburden the judge's docket, the factor does not outweigh those in favor of abstention.

Although federal courts have a responsibility to exercise jurisdiction when they have it, we cannot say the bankruptcy judge abused his discretion by determining that abstention would promote the efficient administration of the estate. NSC's claims against RTC and Greenblatt should be litigated in a single proceeding and, because the bankruptcy judge has only "related to" jurisdiction over NSC's claims against Greenblatt and Greenblatt has a right to a jury trial of NSC's claims, the bankruptcy judge did not err in concluding that the state court could handle the consolidated claims more expeditiously than he could.

## Conclusion

For the reasons stated above, the Clerk is directed to enter judgment affirming the decision of the Bankruptcy Court.

MATTHEW F. KENNELLY
United States District Judge

Date: February 11, 2004

11